IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02379-RBJ-NRN

CALVIN JOHNSON,

Plaintiff,

v.

SGT. SOTO and
MS. STEVENS

Defendants.

---

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR THE COURT TO PROVIDE
PRELIMINARY INJUNCTIVE RELIEF (DKT. #79),
PLAINTIFF'S MOTION TO APPOINT PSYCHIATRIST (DKT. #81),
AND
PLAINTIFF'S MOTION TO AMEND (DKT. #82)**

---

**N. Reid Neureiter
United State Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. # 83) issued by Judge R. Brooke Jackson referring Plaintiff Calvin Johnson's Motion for the Court to Provide Preliminary Injunctive Relief (Dkt. #79), Motion to Appoint Psychiatrist (Dkt. #81), and Motion to Amend Complaint. (Dkt. #82.) The Court has carefully considered the motions, Defendants' responses (Dkt. ##104-06), and Mr. Johnson's reply. (Dkt. #107.) The Court has taken judicial notice of the Court's file, considered the applicable Federal Rules of Civil Procedure and case law, and makes the following recommendation.

The Court summarized the facts of this case in its Report and Recommendation of Plaintiff's Motion to Dismiss Amended Complaint (Dkt. #110), which is incorporated herein. On December 3, 2018, Mr. Johnson filed the three subject motions. His Motion

for the Court to Provide Preliminary Injunctive Relief (Dkt. #79) asks for an injunction to be entered against the Colorado Department of Corrections ("CDOC") regarding his custody level classification and other aspects of his confinement. Similarly, Mr. Johnson's Motion to Amend Complaint (Dkt. #82), requests that he be permitted to "redo" the Request for Relief portion of his Amended Complaint to add various claims for injunctive relief. In his Motion to Appoint Psychiatrist (Dkt. #81), Mr. Johnson asks that the Court order that a private practice psychiatrist take over Mr. Johnson's mental health care from prison medical doctors. The Court recommends that all three motions be denied.

**Motion for Preliminary Injunction (Dkt. #79)**

"In order to receive a preliminary injunction, the plaintiff must establish the following factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (citation omitted). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Id*. (citation omitted). It is the movant's burden to establish each of these factors. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188–89 (10th Cir. 2003) (citation omitted).

The primary goal of a preliminary injunction is to preserve the pre-trial status quo. Therefore, courts view the following types of injunctions with caution: (1) preliminary injunctions that alter the status quo; (2) preliminary injunctions that require the

2

nonmoving party to take affirmative action ("mandatory preliminary injunctions"); and (3) preliminary injunctions that give the movant all the relief it would be entitled to if it prevailed in a full trial. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), *aff'd*, 546 U.S. 418 (2006)).

Mr. Johnson requests that the Court order "prison staff, through Rick Raemisch, to send me back to MCC custody level at Sterling Correctional Facility[,] . . . and to never try to give me a cellmate and allow me to do my table time alone with no other prisoners[.]" (Dkt. #79 at 4) (extraneous quotation marks omitted). Thus, he requests that the status quo be altered. Movants who seek this type of a disfavored injunction must demonstrate a substantial likelihood of success on the merits, as well as a heightened showing of the other three elements. *RoDa Drilling,* 552 F.3d at 1208 (citing *O Centro*, 389 F.3d at 980). *See also Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (the movant must show that the factors "weigh heavily and compellingly" in his or her favor). The Court may grant a disfavored injunction only if the moving party demonstrates that the "exigencies of the case require extraordinary interim relief," and satisfies the heightened burden. *Id.* at 1209 (citing *O Centro*, 389 F.3d at 978).

This case involves claims by Mr. Johnson against Colorado State Penitentiary ("CSP") staff members Sgt. Soto and Ms. Stevens for excessive force and deliberate indifference to serious mental health needs, respectively. (*See generally* Dkt. #23.) The relief sought in the subject motion is entirely unrelated to these remaining claims. Moreover, the requested injunctive relief cannot be granted by the Defendants, who are

sued in their individual capacity. Rick Raemisch, the CDOC Executive Director to whom Mr. Johnson directs his requests for injunctive relief, has already been dismissed from this lawsuit. (*See* Dkt. #27 at 22.) And, most significantly, Judge Babcock already determined that Mr. Johnson's prior request for preliminary injunctive relief regarding his mental health treatment and classification (Dkt. #25) should be denied because his allegations failed to establish the necessary factors. (Dkt. #27 at 21.) This remains the case, and the Court will not revisit Mr. Johnson's request for preliminary injunctive relief.

**Motion to Appoint Psychiatrist (Dkt. #81)**

Turning to Mr. Johnson's Motion to Appoint Psychiatrist (Dkt. #81), because Mr. Johnson requests that the Court appoint and fund a psychiatrist from private practice to take over Mr. Johnson's medical care from CDOC physicians, the Court construes this as another motion for preliminary injunctive relief that alters the status quo and is thus disfavored. Mr. Johnson has not alleged the requisite factors to justify a preliminary injunction, and has failed to demonstrate that such extraordinary interim relief is necessary here. Moreover, as Defendants note, he does not provide any legal authority for his motion. Accordingly, the Court recommends that Mr. Johnson's request for a court-appointed psychiatrist be denied.

**Motion to Amend (Dkt. #82)**

In their response to Mr. Johnson's motion seeking leave to amend his complaint (Dkt. #105), Defendants accurately point out that it is unclear precisely what Mr. Johnson wants to amend. In his reply (Dkt. #107), Mr. Johnson clarifies that, as in his motion for preliminary injunction, he seeks to add numerous claims for injunctive relief against the CDOC through Mr. Raemisch. (Dkt. # 107 at 9-11.)

4

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, on April 24, 2018, the Court entered a Scheduling Order setting a deadline of June 1, 2018 for the amendment of pleadings. (Dkt. #63 at 6.) The subject motion was filed well after that deadline. Where a motion to amend is filed after the scheduling order deadline, a "two-step analysis" is required. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). "Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has 'good cause' for seeking modification of the scheduling deadline under Rule 16(b)." *Id.* This standard is more stringent that the lenient one contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant or the prejudice to the opposing party. "Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that the scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a). *Id.*

Here, even assuming Mr. Johnson can demonstrate good cause for not complying with the Scheduling Order, he cannot demonstrate that justice requires that

he be permitted to amend his complaint to add claims for injunctive relief that do not belong in this lawsuit. After Judge Babcock dismissed 19 claims originally asserted by Mr. Johnson against multiple defendants, including Mr. Raemisch in his official capacity, only two claims remain at issue in this case: a claim for excessive force against Sgt. Soto, and a deliberate indifference to serious mental health needs claim against Ms. Stevens. (*See* Dkt. #27.) The Court has recommended that the claim against Ms. Stevens be dismissed (Dkt. #110), which leaves only a single claim for relief against Sgt. Soto, in his individual capacity, for allegedly violating Mr. Johnson's Eighth Amendment rights. The requested injunctive relief is wholly unrelated to this claim, and much of it appears to pertain to allegations and claims that were already dismissed by Judge Babcock. Indeed, the requested injunctive relief seems to seek redress for all the wrongs Mr. Johnson feels he has suffered while incarcerated at CDOC facilities, many of which are the subject of ongoing litigation in this Court. The proffered amendments would not cure the deficiencies of the claim against Ms. Stevens, as identified in the Court's Report and Recommendation, and do not relate to his excessive force claim against Sgt. Soto. In sum, Mr. Johnson is attempting to reinstate and relitigate claims already dismissed by Judge Babcock, and the Court recommends that he not be permitted to expand this litigation further.

**WHEREFORE**, for the foregoing reasons, it is hereby **RECOMMENDED** that Plaintiff Calvin Johnson's Motion for the Court to Provide Preliminary Injunctive Relief (Dkt. #79), Motion to Appoint Psychiatrist (Dkt. #81), and Motion to Amend Complaint (Dkt. #82) be **DENIED.**

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

BY THE COURT

Date: February 22, 2019
Denver, Colorado

*/s/ N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge